IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
(NEW ALBANY DIVISION)

| | |
|---|---|
| CANDACE JARRELL<br>8105 South Becks Mill Road<br>Salem, Indiana 47167 | PLAINTIFF |

Case No. _____

v.

Judge_____

| | |
|---|---|
| HEALTHCARE REVENUE COMPANY GROUP, LLC<br>d/b/a ARS ACCOUNT RESOLUTION SERVICES<br>1643 North Harrison Parkway, Building H, Suite 100<br>Sunrise, Florida 33323 | DEFENDANTS |

  SERVE: Corporation Service Company
       135 North Pennsylvania Street, Suite 1610
       Indianapolis, Indiana 46204
       (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

  SERVE: CT Corporation Systems
       150 West Market Street, Suite 800
       Indianapolis, Indiana 46204
       (BY CERTIFIED MAIL)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

SERVE:
Corporation Service Company
135 North Pennsylvania Street, Suite 1610
Indianapolis, Indiana 46204
(BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Candace Jarrell, and for her Verified Complaint against the Defendants, Healthcare Revenue Company Group, LLC d/b/a ARS Account Resolution Services ("ARS"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services, LLC ("Equifax") states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; ARS's false reporting to Experian and Equifax of a duplicated account; and Defendants' failure to correct ARS's false reporting on Plaintiff's credit reports.

### II. PARTIES

2. Plaintiff, Candace Jarrell, is currently and was at all relevant times a citizen of the State of Indiana residing at 8105 South Becks Mill Road, Salem, Indiana 47167.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, ARS, is a Florida limited liability company doing business in the State of Indiana with its principal place of business located at 1643 North Harrison Parkway, Building H, Suite 100, Sunrise, Florida 33323.

5. ARS is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.      Defendant, Experian, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 475 Anton Boulevard, Cost Mesa, California 92626.

7.      Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.      Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9.      Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

10.     Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11.     Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

12.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Washington County, Indiana as a result of the Defendants' doing business in Washington County, Indiana.

### IV. FACTUAL BACKGROUND

13.     In or around August 2020, Plaintiff accessed her Experian and Equifax credit reports and discovered that ARS was reporting Plaintiff's Indiana Emergency Professionals collection

account twice.

14. Immediately upon discovering ARS's false and derogatory tradeline, which showed a duplicated account, Plaintiff filed disputes with Experian and Equifax regarding the inaccuracy of the ARS tradeline.

15. Upon information and belief, Experian and Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified ARS of the dispute at or within five (5) days of Experian's and Equifax's receiving notice of the disputes from Plaintiff.

16. Plaintiff never received the results of her disputes to Experian and Equifax. In October 2020, however, Plaintiff again accessed her Experian and Equifax credit reports and discovered that the duplicated ARS tradeline was still reporting and was presumably verified by ARS, Experian, and Equifax.

17. Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, ARS, Experian, and Equifax failed to investigate Plaintiff's disputes and failed to remove the disputed item from Plaintiff's credit report.

18. Upon information and belief, the Defendants did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following the Defendants' receipt of Plaintiff's disputes.

19. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting of Plaintiff's alleged past due Personal Finance account. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – ARS

20. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

21. ARS's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Experian and Equifax of the duplicated ARS account are violations of ARS's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

22. ARS's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which ARS is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

23. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

24. Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the disputed ARS account from Plaintiff's credit report despite knowledge of the falsity of the disputed item are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

25. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

26. Experian's violations of the FCRA amount to negligent non-compliance with the

FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

27. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

28. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the disputed ARS account from Plaintiff's credit report despite knowledge of the falsity of the disputed item are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

29. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

30. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – ARS

31. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

32. ARS's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Experian and Equifax of the duplicated ARS account, despite ARS's knowledge of the falsity of its reporting, are willful violations of ARS's duties as a furnisher of credit information

pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

33. Given ARS's knowledge of the falsity of its reporting, ARS's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which ARS is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

34. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

35. Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the ARS account despite Experian's knowledge of the falsity of the disputed item are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

29. Experian's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

30. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

31. Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

32. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the ARS account despite Equifax's knowledge of the falsity of the disputed item are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

33. Equifax's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

34. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Candace Jarrell, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiffs may appear to be entitled.

Respectfully submitted,

/s/*David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40243
Phone, (502) 443-1060
Facsimile, (502) 873-5300
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Candace Jarrell, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Candace Jarrell

STATE OF INDIANA        )
                        ) SS
COUNTY OF WASHINGTON    )

Subscribed, sworn to and acknowledged before me by Candace Jarrell this 24 day of March, 2020.

_____
Notary Public  RHONDA ROSBOTTOM

Commission expires: March 28, 2022